TOMLINSON, ET AL. *v.* MARION COUNTY PLAN COMMISSION AND HATCHER.

[No. 29,084. Filed December 9, 1954. Rehearing denied February 1, 1955.]

*Paul Y. Davis, Harvey B. Hartsock,* and *Gustav H. Dongus,* all of Indianapolis, for appellants.

*Berenice Cota Poling,* and *William B. Patrick,* both of Indianapolis, for appellee.

FLANAGAN, J.—This action was brought by appellee, Marion County Plan Commission, for an injunction against appellants and appellee, Charles Nelson Hatcher, to restrain them from operating a trailer coach park in alleged violation of a county zoning ordinance. Appellee Hatcher was defaulted below and has no interest in this appeal; therefore hereafter reference will be made to a single appellee, Marion County Plan Commission.

Two adjacent tracts of land are involved and they will be referred to here, as they were in the trial court, as the "red" tract and the "blue" tract.

Four questions are presented.

1. Was the 1948 Marion County Zoning Ordinance validly enacted by the Board of Commissioners?

2. Were the licensing provisions of the 1948 ordinance a valid exercise of the powers granted by Chapter 174 of the Acts of 1947 (Acts 1947, Page 571), Burns' 1951 Replacement, §§53-701—53-794?

3. Did the licensing provisions of the 1948 ordinance continue applicable after the passage of Chapter 157

of the Acts of 1949 (Acts 1949, Page 416), Burns' 1949 Replacement, §§35-2801—35-2820, in view of §58 of Chapter 174 of the Acts of 1947?

4. Had the "blue" tract been lawfully used for trailer parking prior to the date of passage of the 1948 ordinance? The decision of this question involves the answers to these:

    a. Was a 1941 zoning ordinance properly admitted in evidence?

    b. Had the "blue" tract been used for trailer parking prior to the date of the 1941 ordinance?

    c. Was the 1941 ordinance effective to prohibit trailer parking on the "blue" tract?

The above questions are all properly presented by appellants' motion for a new trial, the overruling of which is assigned as error on appeal.

*Question No. 1.* The complaint in this case alleged that on November 12, 1948, the Board of Commissioners of Marion County adopted a Master Plan and Permanent Zoning Ordinance, a copy of which was made an exhibit to the complaint. A copy of such purported ordinance, bearing date of November 12, 1948, and bearing the signatures of the members of the Board of Commissioners and the attestation of the Auditor of Marion County, was introduced into evidence. But appellants say it was not properly adopted.

The governing act is Chapter 174 of the Acts of 1947 (Acts 1947, Page 571), Burns' 1951 Replacement, §§53-701—53-794, *supra.*

Section 39 of the acts (Burns' 1951 Replacement, §53-739) provides that, upon the adoption of a master plan and the recommendation of the ordinance by the County Plan Commission, its secretary shall certify a copy of the plan to the Board of County Commissioners. That was done in this case.

Section 41 of the act (Burns' 1951 Replacement, §53-741) provides that the Board of County Commissioners may amend the plan and return it to the County Plan Commission for its consideration. In this case the plan was amended and returned to the Plan Commission.

The last-mentioned section also provides that if the Plan Commission approves the amendments, the plan as amended shall stand as passed by the Board of County Commissioners as of the date of the recording of the Commission's report to the Board of County Commissioners.

In this case there is evidence that on November 12, 1948, the Plan Commission did approve the amendments. There is no evidence of the record of its report to the County Commissioners.

However, it is not material in this case whether the report of approval of the amendments was made to the Board of County Commissioners and recorded by it. Section 53-741, Burns' 1951 Replacement, *supra*, provides that:

"The commission shall have 45 days in which to consider the . . . amendment and report to the . . . board of county commissioners. . . .

"In case the commission does not file a report with the . . . board of county commissioners within 45 days, the action in amending . . . the ordinance shall become final."

Therefore if the ordinance did not become effective November 12, 1948, it certainly did forty-five days later, and, so far as this case is concerned, it makes no difference which was the effective date.

*Question No. 2.* Appellants contend that the provisions in the ordinance requiring operators of trailer camps to have permits and pay annual permit fees are invalid because not within powers conferred upon the

Board of County Commissioners by the 1947 Act. They rely on the case of *Board of Commrs. of Vanderburgh County* v. *Sanders* (1940), 218 Ind. 43, 30 N. E. 2d 713. In that case, under a former county planning act, which gave the County Commissioners powers including "zoning or land use regulations," this court held valid an ordinance provision requiring a permit and charging a fee therefor for the building, repair, or remodeling of a house.

There is a material difference between charging a fee for a building permit under the provisions of a city building code, as was the situation in the Sanders case, and an attempt to provide for the payment of an annual permit fee or license for the maintenance of a trailer park, as provided by section 3.003 of the ordinance here in question. The Board of County Commissioners has only such powers as are expressly conferred upon it by the constitution or by statute, together with such powers as are necessarily implied from those expressly granted.

The statute authorizing the adoption of the zoning ordinance does not specifically provide for the imposition of an annual permit fee for license for the operation of trailer parks or any other business or occupation, nor has any provision of such statute been pointed out to us from which such power might be necessarily implied. The right to license must be clearly conferred else it does not exist. *Shuman* v. *City of Fort Wayne* (1891), 127 Ind. 109, 26 N. E. 560, 11 L. R. A. 378; McQuillin, *Municipal Corporations*, 3rd Ed., Vol. 9, §26.22, p. 38.

Section 3.003 of Chapter X of said ordinance is therefore invalid.

*Question No. 3.* Since we have held the permit fee provisions of the ordinance invalid for want of power

to impose a permit or license fee, it is not necessary to answer Question No. 3.

*Question No. 4a.* Appellants objected to the introduction of a 1941 zoning ordinance which prohibited establishment of trailer parks without the approval of the then Board of Zoning Appeals, except only those already in existence. Objection was also made to the introduction of certain written minutes of the 1941 Plan Commission relating to that ordinance.

But in their motion for a new trial appellants failed to set out either of these exhibits or their substance. It is elemental that alleged errors on rulings on admission of evidence must first be submitted to the trial court in a motion for a new trial; and such motion must contain the substance of the offered evidence to which objection is made so that the trial judge does not have to search the record of the evidence which, in most cases, has not yet been transcribed.

When the objection is to a question or exhibit, such question or exhibit or its substance must be set forth in the motion. In this case the questions not having been properly submitted to the trial court, they cannot now be presented here.

*Question No. 4b.* The 1948 ordinance under which this suit is brought permitted continuance of such lawful use of land as existed at the time of its enactment. It appears that the "blue" tract was being used as a trailer park at that time. The 1941 ordinance had a similar exemption. Appellants contend that the "blue" tract was used as a trailer park prior to the 1941 ordinance, and therefore its use continued lawful and was lawful at the time of the enactment of the 1948 ordinance, and therefore exempt under it.

This appellee denies. While there is some evidence to the effect that at times trailers were on the "blue" tract prior to the 1941 ordinance, there is also ample evidence to support the finding of the trial court that it was not used as a trailer park within the meaning of the exemption clause of that ordinance.

*Question No. 4c.* Appellants contend that even though the use of the "blue" tract for a trailer park began after the enactment of the ordinance of 1941, that ordinance did not apply to it because it was a tract of less than five acres. This conclusion is reached by construing the section prohibiting the establishment of new trailer camps without approval of the zoning board with two other isolated provisions of the ordinance. Appellants have not seen fit to provide in their briefs a complete copy of the involved ordinance, and we cannot therefore construe it as a whole. Nor can any court properly construe together several isolated provisions of any writing without having the entire instrument to ascertain if other provisions affect the result.

Proper construction can be given to an isolated provision if submitted for construction alone, upon the assumption that it is not affected by some other provision; and such assumption is indulged when a single provision is so submitted.

Again, an isolated provision can be properly construed as a part of, and against the background of, the entire document, when the entire document is made available.

But isolated provisions brought together as a single group cannot be construed together as though they modify each other and express the meaning of the entire instrument. The obvious reason is that such construction may not express the mean-

ing of the entire instrument because the considered provisions might be affected by other provisions not present. So in the present case we are unable to consider appellants' Question No. 4c.

The statute does not require the trial court to make a special finding, and neither party made such a request, although the trial court did make a special finding. It is well settled that in such cases the special finding will be considered a general finding. The complaint was for a permanent injunction, and the plaintiff prevailed on this issue. All else in the finding and judgment is surplusage and should be disregarded, with the exception of costs, which follow the judgment as a matter of law.

Judgment affirmed.

Gilkison, C. J., and Bobbitt, Draper, and Emmert, JJ., concur.

NOTE.—Reported in 122 N. E. 852.