Michael R. BERRY and Rex E. Thompson, Appellants (Third–Party Plaintiffs Below),

v.

PEOPLES BROADCASTING CORP., Videoindiana, Inc., Susquehana Broadcasting Company, Inc., d/b/a Radio Indianapolis, Inc., Tel–Am Corporation, McGraw Hill Broadcasting Corporation, Inc., Steven E. Sweitzer, Michael J. Androvett, Joseph Hallinan, Appellees (Plaintiffs Below),

Marion County Sheriff's Merit Board, Appellee (Defendant Below).

No. 41S01–8911–CV–871.

Supreme Court of Indiana.

Nov. 22, 1989.

Opinion on Denial of Rehearing
Feb. 23, 1990.

John C. Ruckelshaus, John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellants.

Richard A. Waples, Indiana Civil Liberties Union, Indianapolis, for appellees Peoples Broadcasting Corp., VideoIndiana, Inc., Susquehana Broadcasting Company, Inc., d/b/a Radio Indianapolis, Inc., Tel-am Corporation, McGraw Hill Broadcasting Corp., Inc., Steven E. Sweitzer, Michael J. Androvett.

Robert P. Johnstone, Jan M. Carroll, Barnes & Thornburg, Indianapolis, for appellees Indianapolis Newspapers, Inc., and Joseph Hallinan.

Stephen E. Schrumpf, Asst. Corp. Counsel, City County Legal Div., Indianapolis, for appellees Marion County Sheriff's Merit Bd. and Marion County Sheriff.

SHEPARD, Chief Justice.

This appeal presents two questions under the Open Door Law. First, may a government body ban the use of cameras and tape recorders at its public hearings under the Open Door Law? We hold it may not. Second, may a sheriff's merit board receive evidence in a formal disciplinary proceeding during an executive session under the Open Door Law? We hold it may not.

## I. *Stipulated Facts*

The parties have stipulated to the facts underlying this dispute. In February 1986, Marion County Sheriff's Deputies Michael R. Berry and Rex E. Thompson fatally shot Valenda Heithecker. The internal affairs division of the sheriff's department investigated the shooting and the firearms review board considered the facts and circumstances.

On March 7, 1986, the sheriff filed written charges against the deputies. The charges alleged a violation of section 228 of the sheriff department's rules and regulations, which defines unsatisfactory performance of duties.

Disciplinary action by the sheriff is subject to a fair public hearing by the Marion County Sheriff's Merit Board under Ind. Code § 36-8-10-11.[1] The board convened a public hearing on April 29, 1986, to receive evidence, deliberate on the charges against the deputies, and determine the propriety of sanctions. In accordance with Rule 505(B)(3) of the county sheriff's department rules and regulations, the board banned the use of any cameras or tape recorders inside the hearing room.[2]

Joseph T. Hallinan, a reporter for *The Indianapolis Star*, carried a small tape recorder into the hearing room. He used it to record the proceedings for approximately one hour while seated at a desk for members of the public. The tape recorder was discovered, and the merit board immediately recessed the hearing to discuss this violation of its rule. The board decided to remain in recess until it could seek legal counsel, and later the merit board announced that it would not reconvene the hearing on this matter until it received a judicial determination on the validity of Rule 505(B)(3).

## II. *Procedural History*

Media representatives[3] filed a complaint in the Marion Superior Court on May 19, 1986, seeking declaratory and injunctive relief against the Marion County Sheriff's Merit Board and Sheriff James L. Wells. Plaintiffs sought: (1) a declaration that Rule 505(B)(3) and its application by the merit board contravene the statute governing merit board hearings and the Indiana Open Door Law;[4] (2) an order permanently enjoining defendants from prohibiting use of cameras and tape recorders at merit board meetings and, (3) a judgment against defendants for reasonable attorneys' fees under 42 U.S.C. §§ 1983, 1988 and the Open Door Law.

The sheriff's deputies filed a motion to intervene as third-party plaintiffs. In doing so, they asserted that the "disciplinary hearing is governed by the Indiana Open Door Law and should be conducted in closed executive session." The trial court permitted their intervention. The deputies' complaint against the merit board asserted that "[w]hile the final action (i.e., vote and rendering of a final decision) must take

---

1. Ind.Code § 36-8-10-11(a) provides: "The sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board, which is reviewable in the circuit court. A notice of the charges and hearing must be delivered by certified mail to the officer to be disciplined. The officer may be represented by counsel...."

2. Rule 505(B)(3) states:
"The hearing shall be conducted at a reasonable hour and shall take place at a reasonable location to allow for a full and impartial hearing and such meeting shall be open to the public, however, at no time during the proceedings will any cameras or tape recorders be allowed or permitted to be running inside the hearing room."

3. Peoples Broadcasting Corp. (WTPI-FM, 107.9) and VideoIndiana, Inc. (WTHR-Channel 13). A later amendment added the following plaintiffs: Susquehana Broadcasting, Inc. d/b/a Radio Indianapolis, Inc. (WFMS-FM); Tel-am Corp. (WTTV-Channel 4); McGraw Hill Broadcasting Corp., Inc. (WRTV-Channel 6); Steven E. Sweitzer (a camera person at WISH TV-Channel 8); Michael J. Androvett (a reporter at WISH TV-Channel 8); and, Joseph T. Hallinan (the *Star* reporter). Later yet, the Court permitted intervention by Indianapolis Newspapers, Inc.

4. "Sec. 3. (a) Except as provided in section 6 herein, all meetings of the governing bodies of public agencies must be open at all times for the purpose of permitting members of the public to observe and record them." Ind.Code § 5-14-1.-5-3 (West 1982).

place at an open public meeting, it is clear that the legislature intended for the evidentiary and deliberations phases of the disciplinary hearing to be conducted in executive session in order to provide a fair hearing to the Deputies." The deputies cited Ind.Code § 5–14–1.5–6(a) as authority for the proposition that a disciplinary hearing be conducted as an executive session.[5]

The case was venued to Johnson Circuit Court, where Judge Larry J. McKinney entered findings of fact and conclusions of law on January 8, 1987. The court concluded that the Open Door Law nullified the ban on cameras and recorders contained in Rule 505(B)(3) and permanently enjoined enforcement of those portions of Rule 505(B)(3) during hearings conducted pursuant to Ind.Code § 36–8–10–11. It held that the merit board might meet in executive session when acting in its investigative capacity but that its actions concerning the sheriff's proposed discipline of individual officers must be based upon evidence presented in a public hearing.

The deputies appealed, and the First District of the Court of Appeals held that the Open Door Law requires public disciplinary hearings and reasonable use of cameras and recorders. *Berry v. Peoples Broadcasting Corp.* (1987), Ind.App., 514 N.E.2d 1283, 1284.

The sheriff's deputies ask us to grant transfer and reverse the decision of the trial court and Court of Appeals. They assert that the trial court's order requiring the merit board to hold disciplinary hearings in public is erroneous, because the Open Door Law allows the Board to use executive sessions in disciplinary matters. Indianapolis Newspapers, Inc., and Joseph Hallinan oppose transfer, arguing that the trial court and Court of Appeals were correct.

### III.  *Executive Session*

The sheriff's deputies argue that "if any part of the Open Door Law applies, the *entire statute* applies." Brief for Appel-

lants at 9. From that premise, the deputies proceed to assert that the trial court's distinction between investigative functions and quasi-judicial functions is improper and contrary to law. Further, they claim that Ind.Code § 36–8–10–11, which governs county sheriff disciplinary hearings, and Ind.Code §§ 5–14–1.5–2(a)(1)[6] and 5–14–1.-5–6, provisions of the Open Door Law, may be harmoniously construed. This argument is based on two grounds, that the Open Door Law is the more recent statute dealing with public agency hearing procedures in a detailed manner, and that the legislature did not amend Ind.Code § 36–8–10–11 to exclude it from the Open Door Law. Brief for Appellants at 9–10. Therefore, the deputies assert, the merit board may conduct an executive session for the evidentiary and deliberative phases of the hearing, and then take the final action in public.

The Indiana Open Door Law begins with the statutory mandate that "all meetings of the governing bodies of public agencies must be open," Ind.Code § 5–14–1.5–3(a), but it also authorizes public bodies to conduct certain business in executive session. Ind.Code § 5–14–1.5–6(a). Even when the subject matter of a meeting permits an executive session, the public agency may still choose to conduct a public meeting under the act. If the agency decides to proceed in public, the Open Door Law does not provide a basis upon which a court might require the agency to act in executive session instead.

On April 29, 1986, the merit board chose to convene a completely public meeting, not an executive session. The decision to proceed in public was a matter consigned solely to its discretion and thus no action could lie under the Open Door Law to compel the board to act in private. As for whether the trial court properly enjoined the merit board to hear evidence on a disciplinary complaint only in public, we conclude that proper construction of the sher-

---

5. The section authorizing executive sessions provides:

"Executive sessions may be held only in the following instances ... (5) With respect to any individual over whom the governing body has jurisdiction: (A) to receive information concerning the individual's alleged misconduct; and (B) to discuss, prior to any determination, that individual's status as an employee, student,

or independent contractor who is a physician." Ind.Code § 5–14–1.5–6(b) (West 1982), *as amended by* 1984 Ind.Acts 493.

6. Ind.Code § 5–14–1.5–2(a)(1) defines a "public agency" as: "any board, commission, department, agency or authority, by whatever name designated, exercising a portion of the executive, administrative, or legislative power of the state."

iff's merit board law and the Open Door Law compels this result. Two statutes covering the same subject are to be harmonized if possible. *Schrenker v. Clifford* (1979), 270 Ind. 525, 387 N.E.2d 59. Harmonization is not possible here because one statute demands a public hearing and the other permits a closed session for receipt of testimony. The legislature is presumed to have in mind existing statutes covering the same subject when it adopts new law, and the most recent expression of legislative intent should control. *Citizens Action Coalition v. Public Service Commission of Indiana* (1981), Ind.App., 425 N.E.2d 178. The merit board law was enacted in 1981, while the Open Door Law was enacted and existing after 1977. Moreover, statutes dealing with a subject in a detailed manner will supersede general subject statutes when the two cannot be harmonized. *Sharton v. Slack* (1982), Ind.App., 433 N.E.2d 856.

We conclude that the public hearing provision in the merit board law prevails in this case over the executive session provisions in the Open Door Law. While the Open Door Law permits agencies generally to receive information about employee misconduct and discuss it in executive session, the merit board law requires a public hearing when the sheriff acts to discipline an officer. The board's disposition of the sheriff's proposed discipline must be based only on the evidence presented in such a public hearing. Informal investigation or discussion not occasioned by formal charges against a deputy may still be the subject of an executive session.

## IV. *Use of Cameras and Recorders*

The trial court and the Court of Appeals both held that Rule 505(B)(3) banning cameras and tape recorders must fall before the Open Door Law's directive that the public may "observe and record" public meetings. Ind.Code § 5–14–1.5–3(a). While the Open Door Law does not define "record," the trial court interpreted it to mean "the reasonable use of recorders, cameras and any other recognized means of recording." The trial court found that one stationary camera and a splitter box were a standard method of pooling video and audio equipment.

When a local board regulation is in conflict with a state statute, the local regulation is subordinated. *Uhl v. Liter's Quarry of Indiana, Inc.* (1979), 179 Ind. App. 178, 181, 384 N.E.2d 1099, 1102; *See also Graham Farms, Inc. v. Indianapolis Power & Light Co.* (1968), 249 Ind. 498, 516, 233 N.E.2d 656, 666. Those portions of Rule 505(B)(3) that prohibit use of recorders are in contravention of the Open Door Law and are void. We conclude that the trial court's definition of the word "record" is a sound one,[7] and that its finding concerning the reasonableness of requiring pooling of equipment properly balances the public's statutory right to record with the deputies' right to due process and the public interest in the effective performance by the board of its duties.

We grant transfer and affirm the trial court. The request by some appellees for attorneys' fees may be heard by the trial court on remand.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

## ON PETITION FOR REHEARING

In deciding this case, the Court held that the Marion County Sheriff's Merit Board must permit reporters to record and photograph a hearing called for the purpose of considering discipline against an officer. We also concluded that the trial court correctly held that such hearings must be open to the public. *Berry v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 231 (*Berry I*).

The deputy sheriffs seek rehearing, calling to our attention a misstatement of fact. We noted that the Indiana Open Door Law, Ind.Code § 5–14–1.5–1 through 7, has been a part of our law since 1977 and that the pertinent section of the merit board law, Ind.Code § 36–8–10–11, was enacted in 1981. The dates of enactment seemed pertinent under the common maxim that the most recent legislative declaration on a subject prevails.

Counsel for the deputies correctly point out that while the present version of Ind. Code § 36–8–10 was passed in 1981, similar provisions existed in the code *before* the passage of the Open Door Law. Counsel argues that the earlier existence of the

---

7. *Accord* 1983–84 Op. Att'y Gen. 117, 122 (1984); 7 Ind.Reg. 2281, 2283 (1984).

merit law means the statutes "do not permit the Merit Board to hold such hearings in executive session at its discretion."

Of course, we observed that two maxims of statutory construction applied to this case. As often occurs, they suggested opposite outcomes. The other pertinent rule is that "statutes dealing with a subject in a detailed manner will supersede general subject statutes when the two cannot be harmonized." *Id.*, 547 N.E.2d at 234.

Notwithstanding these dueling maxims, we think the fair public hearing requirement of the merit law prevails over the permissive provision for executive sessions in the Open Door Law. The petition for rehearing is denied.

DeBRULER, GIVAN, and DICKSON, JJ., concur.

PIVARNIK, J., not participating.