**IRVING MATERIALS, INC.,**
**Appellant–Plaintiff,**

v.

**BOARD OF COMMISSIONERS OF JOHNSON COUNTY and Johnson County Plan Commission, Appellees–Defendants.**

No. 41A01–9611–CV–372.

Court of Appeals of Indiana.

July 25, 1997.

James N. Scahill, Schnorr, Good, Scahill & Maier, Indianapolis, for Appellant–Plaintiff.

Stephen L. Huddleston, Franklin, for Appellees–Defendants.

## OPINION

NAJAM, Judge.

### FACTS AND PROCEDURAL HISTORY

Irving Materials, Inc. ("IMI") contracted to purchase 100 acres of land from Spencer and Helen V. Richards and bought another 150 acres from John G. Richards. IMI obtained the Johnson County property to excavate the underlying minerals. The property lies adjacent to the White River, and a lake is located near its southern boundary. The Indiana Natural Resources Commission ("NRC") has designated the property as a floodway, and the Johnson County zoning maps designate the property ·as a "Flood Plain."

■ A Johnson County zoning ordinance requires a special exception [1] for mineral extraction upon land located within a flood plain. Thus, under the ordinance, the Johnson County Board of Zoning Appeals must give its approval before excavation can begin. The NRC granted IMI permission to extract the minerals located under the 250 acres of land. However, IMI withdrew its application for a special exception with the Johnson County Board of Zoning Appeals.

Instead, on May 3, 1995, IMI filed a declaratory judgment action [2] against the

---

1. A special exception is a use permitted under the zoning ordinance upon the showing of certain statutory criteria. *Town of Merrillville Bd. of Zoning Appeals v. Public Storage, Inc.*, 568 N.E.2d 1092, 1094 (Ind.Ct.App.1991), *trans. denied.*

2. Spencer Richards, Helen V. Richards and John G. Richards were included as plaintiffs in the

Board of Commissioners of Johnson County and the Johnson County Plan Commission (collectively "Johnson County") to determine the rights of the parties with respect to the excavation of the minerals on that part of IMI's property which lies in a non-urban area.[3] IMI asserted that Indiana law precludes Johnson County from requiring a special exception on that part of its property. On May 24, 1996, IMI filed a motion for summary judgment which the trial court denied. The court then entered summary judgment in favor of Johnson County pursuant to Indiana Trial Rule 56(B).[4] IMI appeals from that judgment.

We affirm.

### ISSUE

The sole issue presented for our review is whether Johnson County can regulate mineral extraction on that part of IMI's property which lies both in a flood plain and in a non-urban area.

### DISCUSSION AND DECISION

#### Standard of Review

■ Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Yerkes v. Heartland Career Ctr.*, 661 N.E.2d 558, 560 (Ind.Ct.App. 1995), *trans. denied.* The appellant has the burden of proving that the trial court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Welch v. Scripto–Tokai Corp.*, 651 N.E.2d 810, 813 (Ind.Ct.App.1995). Here, the trial court entered findings of fact in support of its judgment. Although specific

findings aid appellate review, they are not binding on this court. *DeBaets v. National Educ. Ass'n.—South Bend*, 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* Instead, when reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Id.* We do not weigh the evidence but consider the facts in the light most favorable to the non-moving party. *Grose v. Bow Lanes, Inc.*, 661 N.E.2d 1220, 1224 (Ind.Ct. App.1996). Summary judgment will be affirmed if it is sustainable on any theory or basis found in the record. *Jump v. Bank of Versailles*, 586 N.E.2d 873, 875 (Ind.Ct.App. 1992).

#### Special Exception Requirement

IMI contends that Johnson County may not regulate mineral extraction on that part of its property which lies in a non-urban area. Two separate statutory schemes are implicated. The first addresses local planning and zoning, and the second concerns flood plain management. The question to be resolved is whether Johnson County had the authority under either of these statutory schemes to regulate the non-urban property.

■ Statutes must be construed to give effect to legislative intent, and the court must give deference to such intent whenever possible. *State v. Hensley*, 661 N.E.2d 1246, 1248 (Ind.Ct.App.1996). Statutes relating to the same general subject matter are in pari materia and should be construed together. *Darlage v. Drummond*, 576 N.E.2d 1303, 1307 (Ind.Ct.App.1991). Statutes are to be construed in connection and in harmony with the existing law and as part of a general and uniform system of jurisprudence. *Schwartz v. Castleton Christian Church, Inc.*, 594 N.E.2d 473, 476 (Ind.Ct.App.1992), *trans. denied.*

---

Complaint for Declaratory Judgment. The Richards are not parties to this appeal.

3. Urban areas include:

> [A]ll lands and lots within the corporate boundaries of a municipality, any other lands or lots used for residential purposes where there are at least eight (8) residences within any quarter mile square area, and other lands or lots that have been or are planned for residential areas contiguous to the municipality.

IND.CODE § 36–7–4–1103(b).

4. The rule states in relevant part:

> When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party.

Ind. Trial Rule 56(B).

In support of its contention, IMI relies upon one statutory provision which states:

(c) ADVISORY. The advisory planning law does not authorize an ordinance that would prevent, outside of urban areas, the complete use and alienation of any mineral resources or forests by the owner or alienee of them.

IND.CODE § 36–7–4–1103(c). This statute is derived from Chapter 4 of Title 36, Article 7, titled "Local Planning and Zoning." *See* IND. CODE §§ 36–7–4–100 to 36–7–4–1513. IMI directs us to cases interpreting both Indiana Code § 36–7–4–1103(c) and a predecessor statute.[5] *See, e.g., Brown v. Lowell Mining Co.,* 636 N.E.2d 154 (Ind.Ct.App.1994); *Uhl v. Liter's Quarry of Ind., Inc.,* 179 Ind.App. 178, 384 N.E.2d 1099 (1979); *Board of Zoning Appeals of Plymouth v. Heyde,* 160 Ind. App. 165, 310 N.E.2d 908 (1974); *Clark County Bd. of County Comm'rs v. King,* 160 Ind.App. 152, 310 N.E.2d 560 (1974). In each case, this court has interpreted the statute in favor of the owner or alienee and prevented the local zoning board from restricting the excavation of minerals on real estate located in a non-urban area. *Brown,* 636 N.E.2d at 158 (owner of limestone quarry); *Uhl,* 179 Ind.App. at 181, 384 N.E.2d at 1102 (operator of stone quarry); *Heyde,* 160 Ind.App. at 170–71, 310 N.E.2d at 912 (leasee of property containing sand, gravel, ordinary clay fill dirt and top soil); *King,* 160 Ind.App. at 159–60, 310 N.E.2d at 565 (alienee of limestone quarry). Relying on this line of authority, IMI contends that the Johnson County ordinance requiring a special exception constitutes an unlawful prohibition against the complete use and alienation of mineral resources in violation of Indiana Code § 36–7–4–1103. However, these cases are distinguishable in that they do not involve flood plains, which are special areas

that other statutes authorize a local government to regulate. Accordingly, Indiana Code § 36–7–4–1103(c) and the cases cited by IMI are not dispositive.

Under Chapter 4, units, including counties, are authorized to exercise planning and zoning powers for the purpose of improving the health, safety, convenience and welfare of its citizens and to plan for the future development of the community. IND.CODE § 36–7–4–201. A comprehensive plan may include maps, plats, charts and descriptive material presenting basic information, locations, extent and character of flood control and irrigation. IND.CODE § 36–7–4–503(2)(I). The county's legislative body, the Board of Commissioners of Johnson County in this case, "shall act" to secure safety from flood when it adopts a zoning ordinance. IND.CODE § 36–7–4–601(c)(1). The legislative body may regulate how real property is developed, maintained and used, and that regulation may include restrictions on development in areas prone to flooding. IND.CODE § 36–7–4–601(d)(2)(D).

Indiana Code § 36–7–4–1103(c), the statute which protects the free alienation of mineral resources in non-urban areas, and the statutes which authorize local regulation of flood areas are in pari materia. The statutes can be reconciled. A reading of Chapter 4 in its entirety leads us to conclude that, when the General Assembly empowered counties to regulate land use in flood plains, it created an exception to the rule that prohibits a county from regulating mineral extraction in non-urban areas.

This conclusion is supported by another statutory scheme where the legislature has enacted detailed legislation addressing "Flood Control," IND.CODE §§ 14–28–1–1 to 14–28–1–36, and "Flood Plain Management."

---

5. Johnson County argues that the substantive effect of the statute was altered by recodification so that the cited cases are no longer proper authority. We disagree. The predecessor statute stated:

Nothing in this act shall be deemed to authorize an ordinance by law, rule or regulation which would prevent, outside of urban areas, the complete use and alienation of any mineral resources or forests by the owner or alienee thereof.

IND.CODE § 18–7–5–61 (repealed).

Indiana Code § 36–7–4–1103 replaced Indiana Code § 18–7–5–61, but it does not include the term "by law, rule or regulation." However, the General Assembly directed, "If this act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted." Pub.L. No. 309, § 116, 1981 Ind. Acts 3064. The General Assembly clearly intended to maintain the operation and effect of existing case law.

IND.CODE §§ 14–28–3–1 to 14–28–3–6. Pursuant to these statutes, the NRC has jurisdiction over public and private waters to determine and adopt appropriate measures for the prevention of flood damage, and the agency must issue a permit before a person can excavate in or on a floodway. IND.CODE §§ 14–28–1–12, 1–22(c).[6] However, the Commission's jurisdiction is not exclusive.

The NRC must "[e]ncourage and promote local initiative and effort in providing flood control." IND.CODE § 14–28–1–16(1). Counties and municipalities are authorized to delineate and regulate flood hazard areas within their jurisdictions by adopting and implementing all necessary ordinances, rules and regulations. IND.CODE § 14–28–3–3(a). However, that authority is not without limitation. For example, a county or municipality may not adopt ordinances, rules and regulations that are less restrictive than the minimum rules adopted by the NRC. IND. CODE §§ 14–28–3–3(a)(1), 3(b). Further, a county or municipality may not issue a permit for excavation within designated flood ways without the prior written approval of the agency. IND.CODE § 14–28–3–5; IND.ADMIN.CODE tit. 310, r. 6–1–13 (1996).

Our goal in Indiana is to prevent the loss of lives and property caused by floods and to limit the effects of floods on the life, health and convenience of the people. IND.CODE § 14–28–1–1. Whether a flood plain lies in an urban or non-urban area, the interests of the community as a whole outweigh the interests of an owner or alienee of mineral resources. Johnson County acted within its statutory authority when it required IMI to obtain a special exception before excavating the minerals located on its property.

This conclusion is consistent with the policies underlying Indiana's Home Rule Act. See IND.CODE §§ 36–1–3–1 to 36–1–3–9. Our state grants units all the powers that they need for the effective operation of government as to local affairs. IND.CODE § 36–1–3–2. Any doubt as to the existence of a unit's power shall be resolved in favor of its exis-

tence. IND.CODE § 36–1–3–3(b). A unit has all powers granted it by statute and all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute. IND.CODE § 36–1–3–4(b).

 The ordinance in question does not prohibit the extraction of mineral resources in non-urban areas; rather, it regulates mineral extraction in flood plain districts. We hold that Johnson County possesses the statutory authority to require a special exception to extract mineral resources located in a flood plain even when the property lies in a non-urban area. The trial court did not err in denying IMI's motion for summary judgment nor did it err in entering judgment in favor of Johnson County.

Affirmed.

ROBERTSON and STATON, JJ., concur.

---

6. Indiana Code § 36–7–4–1102 provides that "[t]he advisory planning law is supplemental to and does not abrogate the powers extended to ... commissions ... of state government by oth-

er statutes and these powers remain in effect." Indiana Code § 36–7–4–1103 is part of the advisory planning law.