Richard E. RIGGIN, Appellant
(Plaintiff Below),

v.

BOARD OF TRUSTEES OF BALL
STATE UNIVERSITY, and Robert P.
Bell, As President of Ball State University, Appellees (Defendants Below).

Richard E. RIGGIN, Appellant
(Plaintiff Below),

v.

BOARD OF TRUSTEES OF BALL
STATE UNIVERSITY, Dr. R. Thomas
Wright, Dr. Thomas Mertens, Dr. Paul
W. Parkison, Dr. Marvin R. Gray, and
Dr. John P. Strouse, as members of the
Hearing Committee of the University
Senate Judicial Committee; and Robert
P. Bell, as President of Ball State University, Appellees (Defendants Below).

No. 1–1084A240.

Supreme Court of Indiana.

Nov. 5, 1986.

M. Kent Newton, Beth H. Henkel, Bayh,
Tabbert & Capehart, Indianapolis, for appellant.

Jon H. Moll, Thomas C. Pence, DeFur,
Voran, Hanley, Radcliff & Reed, Muncie,
for appellees.

James E. Sullivan, Robert D. Hepburn,
Cox, Zwerner, Gambill & Sullivan, Terre
Haute, for amicus curiae Indiana State University.

ON PETITION TO TRANSFER

SHEPARD, Justice, dissenting from denial of transfer.

The Court's decision not to address the issues presented by this appeal will doubtless generate additional litigation for our state's universities and many other public institutions. By declining to take the time to provide final answers on extremely important questions of wide public interest, we play less than the role which the Indiana Constitution assigns to us.

The consolidated appeal placed before the Court arose when Ball State University acted to discharge a tenured member of its faculty, appellant Richard E. Riggin. Formal charges were brought against Professor Riggin by his departmental dean. An ad hoc hearing committee of the University Senate Judicial Committee conducted extensive hearings and recommended that Riggin be terminated. The Board of Trustees ultimately separated him from the University.

Riggin filed two actions. One sought injunctive relief requiring the hearing committee to conduct open hearings, alleging that its proceedings were covered by the Indiana Open Door Law, Ind.Code § 5–14–1.5–1 *et seq.* A separate complaint sought review of the University's action terminating Riggin. The trial court granted summary judgment for the defendants in both cases. The Court of Appeals affirmed. *Riggin v. Board of Trustees of Ball State University* (1986), Ind.App., 489 N.E.2d 616.

Both parties have petitioned this Court for transfer. Riggins asserts that the action of the trustees is void inasmuch as it followed a recommendation by the hearing committee, whose deliberations were conducted in violation of the Open Door Law. The University seeks this Court's review of the Court of Appeals' determination that the ad hoc committee was covered by the Open Door Law, arguing that it is not covered and that the Court of Appeals' decision will have far-reaching effects on the operation of Indiana's universities.

That these cases present important questions of broad applicability can hardly be denied.

Is every committee in a university community which owes its existence to some act of the board of trustees subject to the Open Door Law? Ball State notes the existence of dozens of committees which

trace their existence to board authority, including: the Auditorium Program and Convocations Committee, the Professional Policies Council, the Student Financial Aids Committee, and the L.A. Pittenger Student Center Policy Committee. *Amicus* Indiana State University notes that a decision which subjects every university committee to the Open Door Law imposes substantial costs on both the universities and the courts: "The end result is judicial oversight over every act taken anywhere within the university system...."

Of course, it may well be that the General Assembly intended just that. The Open Door Law stands as a strong policy decision by the legislature that business conducted by committees of a public body should be conducted in plain sight. Does the Open Door Law thus mean that every advisory committee in every university must give notice, post an agenda, keep records? Only this Court is authorized to render the definitive answer on that question, and it chooses not to tell.

An important corollary question presented is whether "substantial compliance" by a public entity is sufficient to avoid Ind. Code § 5–14–1.5–7(a), which provides that an action may be filed to set aside any decision by a public body taken in violation of the Open Door Law. The Third District of the Court of Appeals has concluded that action taken in violation of the statute "is void." *Blinn v. City of Marion* (1979), Ind.App., 390 N.E.2d 1066, 1068. In the case at bar, the First District has held that a court may decline to declare a governmental act void if it determines that the public body substantially complied with the act. In part, the First District relies on the notion that the hearing committee's action was advisory and that subsequent proceedings by the trustees were held in compliance with the Open Door Law. Of course, the trustees did not hear any evidence concerning Riggin. It relied upon the fifteen hundred pages of transcript from the hearing committee. All of those hearings, the Court of Appeals determined, were conducted in violation of the law.

It takes only a moment to conceive of other situations to which this principle might be applied. May a city council deny a rezoning upon the recommendation of a planning commission whose proceedings violated the Open Door Law? May a park board decide to close the neighborhood swimming pool upon recommendation of a committee whose meetings were not in compliance? The applicability of this case goes far beyond the university community.

The decision to leave this question unconsidered is not unique. Last year, this Court considered petitions for transfer in some 205 civil cases. In only 13 of those cases did the Court decide to grant the petition and write an opinion addressing the merits. By contrast, the Court chose to issue a written opinion in 303 criminal cases. These included such questions as whether eyewitness testimony by a police officer and a store clerk was enough to sustain a conviction for robbery. *Williams v. State* (1985), Ind., 485 N.E.2d 113.

I would have the Court hear this appeal and others which present important legal questions for the people of this state and the institutions by which they live. Doing so is the responsibility of a court of last resort. Deciding to do otherwise is like telling a team in the state basketball finals that it may only play on half the court at Market Square Arena. My vote is to play on the full court.

DICKSON, J., joins in this dissent.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., vote to deny transfer without opinion.