Michael R. **BERRY** and Rex E. **Thompson, Individually and as Marion County Sheriff's Deputies, Appellants,**

v.

**PEOPLES BROADCASTING CORP., VideoIndiana, Inc., Susquehana Broadcasting Company, Inc., d/b/a Radio Indianapolis, Inc., Tel-Am Corporation, McGraw Hill Broadcasting Corporation, Inc., Steven E. Sweitzer, Michael J. Androvett, Joseph Hallinan, (Plaintiffs) and Marion County Sheriff's Merit Board (Defendants), Appellees.**

No. 41A01–8704–CV–87.

Court of Appeals of Indiana, First District.

Nov. 18, 1987.
Rehearing Denied Jan. 18, 1988.

---

John C. Ruckelshaus, John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellants.

Richard A. Waples, Indiana Civ. Liberties Union, Indianapolis, for appellees Peoples Broadcasting Corp., VideoIndiana, Inc., Tel-Am Corporation, Steven E. Sweitzer and Michael J. Androvett.

Robert P. Johnstone, Jan M. Carroll, Barnes & Thornburg, Indianapolis, for appellees Indianapolis Newspapers, Inc., and Joseph Hallinan.

NEAL, Judge.

## STATEMENT OF THE CASE

Michael R. Berry and Rex E. Thompson (the Deputies), third-party plaintiffs in trial court and appellants here, appeal a declaratory judgment rendered by the Johnson Circuit Court which permitted members of the news media to make reasonable use of tape recorders and cameras in a sheriff's merit board disciplinary hearing.

We affirm.

## STATEMENT OF THE FACTS

The stipulated facts reveal that the Deputies were charged by the Marion County Sheriff's Merit Board (the Merit Board) with misconduct. The charges arose out of the death of Valenda Heithecker, who died of multiple gunshot wounds inflicted by the Deputies. During the hearing before the Merit Board, it was discovered that one of the media representatives was using a tape recorder, in violation of a written rule promulgated by the Merit Board. The Merit Board recessed the hearing and, after consulting counsel, announced that the rule would be enforced. Tape recorders, cameras, and television cameras would not be permitted to be used in the hearing room. All the appellees, except the Merit Board, are members of the news media and joined in the action for declaratory judgment. They sought the right, under federal and state constitutional provisions and the Indiana Open Door Law, to use, subject to reasonable restrictions, tape recorders and television cameras in Merit Board disciplinary proceedings. The media prevailed in trial court, and the correctness of that ruling is the sole issue on appeal.

## DISCUSSION AND DECISION

Two Indiana statutes and a rule of the Merit Board are relevant to the resolution of this case. IND.CODE 36–8–10–11(a) provides in part:

The sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair *public* hearing before the board, which is reviewable in the circuit court.... (Emphasis added.)

The Indiana Open Door Law, IND.CODE 5–14–1.5–1 to –7, requires in section 1, in part, that:

[T]he official action of public agencies be conducted and taken openly, unless otherwise expressly provided by statute, in order that the people may be fully informed. The purposes of this chapter are remedial, and its provisions are to be liberally construed with the view of carrying out its policy.

There is no contention that the Merit Board is not a public agency subject to the Open Door Law. IND.CODE 5–14–1.5–3(a) then provides:

Except as provided in section 6 [5–14–1.5–6] herein, all meetings of the governing bodies of public agencies must be open at all times for the purpose of permitting members of the public to *observe and record* them. (Emphasis added.)

IND.CODE 5–14–1.5–6, the exception mentioned in the preceding section, permits executive sessions in certain specified instances, from which the public may be excluded. The section reads in relevant part as follows:

(b) Executive sessions *may* be held only in the following instances:

(1) where authorized by federal or state statute.

. . . .

(5) with respect to any individual over whom the governing body has jurisdiction:

(A) to receive information concerning the individual's alleged misconduct; and

(B) to discuss, prior to any determination, that individual's status as an employee. . . . (Emphasis added.)

Nevertheless, certain procedures and public notice provisions must be complied with where executive sessions are held pursuant to this section.

Rule 505(B)(3) promulgated by the Merit Board addresses disciplinary hearings and media coverage:

The hearing shall be conducted at a reasonable hour and shall take place at a reasonable location to allow for a full and impartial hearing and such meeting *shall be* open to the public; however, at no time during the proceedings will any cameras or tape recorders be allowed or permitted to be running inside the hearing room. (Emphasis added.)

*Record* at 232.

The Deputies do not argue that the phrase contained in IND.CODE 5–14–1.5–3(a), "to observe and record them", does not include tape recorders and television cameras. Nor do they argue that the Open

Door Law does not apply. The sole argument presented here is that the executive session provisions contained in IND.CODE 5–14–1.5–6 exclusively control and that the hearing was an executive session.

An executive session is defined as a meeting from which the public is excluded. IND.CODE 5–14–1.5–2(f). Only the Merit Board makes the determination to conduct an executive session. IND.CODE 5–14–1.5–6 invokes the discretionary word "may" in relation to the utilization of an executive session. The record does not reflect that the executive session provision was invoked. Rather, the record reflects that it was not. The Merit Board's own rule, as well as IND.CODE 36–8–10–11(a), provide that the proceedings shall be public. Here, the public and the media were not excluded. Thus, the argument presented by the Deputies must fail on this basis alone.

The second question to be answered is whether it is within the power of the Merit Board to conduct the disciplinary hearing in executive session. Since this question may arise in further proceedings, we will address it. Both parties cite rules of statutory construction, which we will recite. If two statutes address the same subject matter, they should be read in concert and harmonized if possible. *Bell v. Bingham* (1985), Ind.App., 484 N.E.2d 624. To the extent that apparently conflicting statutes cannot be so harmonized, the more specific or detailed statute should prevail over the more general statute. *Bell, supra; accord Sanders v. State* (1984), Ind., 466 N.E.2d 424; *Stream Pollution Control Board v. Amax, Inc.* (1985), Ind.App., 475 N.E.2d 1157; *Indiana State Highway Commission v. Bates and Rogers Construction Co.* (1983), Ind.App., 448 N.E.2d 321. In *Citizens Action Coalition of Indiana, Inc. v. Public Service Commission of Indiana* (1981), Ind.App., 425 N.E.2d 178, 184, we said:

In instances where the two acts deal with the same particular subject, the statutes must be examined carefully and harmonized if possible. Where the statutes cannot be harmonized the courts

must strive to ascertain the legislative intent behind the statutes. As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject. The most recent expression of legislative *intent* should therefore control. It has also been held however that *general statutes or rules do not overrule or supersede specific provisions in statutes unless it is clear that there was an intent to do so.* (Citations omitted.) (Emphasis added.)

In construing the statutes together, we find no irreconcilable conflict between IND. CODE 36–8–10–11(a) and the Open Door Law, IND.CODE 5–14–1.5–1 to –7. Both announce a policy mandating public hearings. There is no indication that IND. CODE 36–8–10–11(a), which specifically applies to Merit Board disciplinary hearings, was superseded by the Open Door Law. Rather, the Open Door Law augmented it, adding the provision that the public and media can record them. We do not believe that it was the intent of the legislature, in enacting the Open Door Law, to exclude the operation of other statutes. In its expression of intent in IND.CODE 5–14–1.5–1, it is stated that actions of public agencies are to be conducted openly unless otherwise provided by statute. IND.CODE 5–14–1.5–6(b)(1) permits executive sessions where authorized by statute. IND.CODE 5–14–1.5–6(b) also makes reference to the Public Records Law, IND.CODE 5–14–3–1 to –10.

■ The Open Door Law was not intended to be the exclusive vehicle for determining legislative policy requiring public agencies to act openly. The Open Door Law can and is modified by other statutes addressing particular situations which, because of their nature and sensitivity, require special rules. A merit board disciplinary hearing of an officer is one such situation. A police officer's duties are always of a public nature, and his performance of them is always a matter of public interest. An officer's status is different from the positions of numerous other public employees, whose insipid duties attract minimal to no attention. Here, the actions of the Deputies resulted in the death by gunshot of a citizen, and the reasons for their actions are a matter of grave public concern. As we stated in *Riggin v. Board of Trustees of Ball State University* (1986), Ind.App., 489 N.E.2d 616, 623, *trans. denied*, 499 N.E.2d 243:

> The very purpose of the Open Door Law is to prevent secret hearings and "Star Chamber" proceedings which shield the nature of testimony, the identity of witnesses and issues, and becloud the attitude of the triers.

A secret hearing in this kind of matter breeds suspicion, foments rumors, and diminishes the public confidence in law enforcement. The proper construction of the statutes requires that we permit them to stand together. IND.CODE 36–8–10–11(a) is a modification of IND.CODE 5–14–1.5–6 for a specific purpose, which has the effect of prohibiting executive sessions in merit board disciplinary hearings and permitting recording by tape and television cameras in a reasonable manner.

■ It is conceded that when a local board regulation is inconsistent with applicable state statutes the regulation must fail. *Uhl v. Liter's Quarry of Indiana, Inc.* (1979), 179 Ind.App. 178, 384 N.E.2d 1099.

We, therefore, hold that the Merit Board's disciplinary hearing shall be open to the public and the news media, and under IND.CODE 5–14–1.5–3, they may make reasonable use of recorders and television cameras. For these reasons, the cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, J., concur.