MARION COUNTY SHERIFF'S MERIT BOARD and James L. Wells, Marion County Sheriff, in his official capacity, Appellants (Defendants Below),

and

Michael R. Berry and Rex E. Thompson, Individually and as Marion County Sheriff's Deputies, Appellants (Third Party Plaintiffs Below),

v.

PEOPLES BROADCASTING CORP., Videoindiana, Inc., Susquehana Broadcasting Co., Inc., d/b/a Radioindianapolis, Inc., Tel-Am Corp., McGraw-Hill Broadcasting Corp., Inc., Steven E. Sweitzer, Michael J. Androvett, Joseph Hallinan, and Indianapolis Newspapers, Inc., Appellees (Plaintiffs Below).

No. 41A01-8711-CV-296.

Court of Appeals of Indiana, First District.

Nov. 22, 1988.

Rehearing Denied Jan. 10, 1989.

Barbara Malone, Asst. Corp. Counsel, City-County Legal Div., John C. Ruckel-shaus, John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellants.

Richard A. Waples, Indiana Civil Liberties Union, Robert P. Johnstone, Jan M. Carroll, Barnes & Thornburg, Indianapolis, for appellees.

ROBERTSON, Judge.

The progenitor of this appeal is *Berry v. Peoples Broadcasting Corp.* (1987), Ind. App., 514 N.E.2d 1283, *transfer pending.* In that case it was held that a county sheriff's merit board hearing investigating charges of deputies' misconduct is to be open to the public and that the news media is entitled to make reasonable use of the appliances of their trade at such a hearing.

By appropriate procedure the same case returns for our additional consideration of the issue of whether the deliberative session of the same board is subject to the Indiana Open Door Law, IND. CODE 5-14-1.5-1, *et seq.* For the reason stated below we hold that the deliberative session of the board is subject to the Open Door Law and that it should be open to the public.

I.C. 5-14-1.5-1 states that the official action of public agencies is to be conducted and taken openly unless otherwise provided by statute. It further provides that the purposes of the Open Door Law are remedial and are to be liberally construed with the view of carrying out that policy.

I.C. 5-14-1.5-6 provides a specific listing of a number of instances where public agencies are authorized to meet in executive session. An executive session is a meeting from which the public is excluded. I.C. 5-14-1.5-2(f). Of the occasions so enumerated as situations where an executive session is authorized none makes mention of the deliberative process. We can only conclude that since the deliberative process is excluded from the list of occasions where an executive session is allowed that the legislature intended for it to be open to the public and we so hold.

The appellants Berry and Thompson argue that two sections of I.C. 5-14-1.5-6 would permit the deliberative portion of the

proceedings to be held in executive session. Those sections are 5–14–1.5–6(a)(5) and (8) which state that executive sessions may be held when:

    (5) with respect to any individual over whom the governing body has jurisdiction;

    (A) to receive information concerning the individual's alleged misconduct; and

    (B) to discuss prior to any determination, that individual's status as an employee, ...

and

    (8) to discuss job performance evaluation of individual employees....

We are of the opinion that reliance upon these two provisions is misplaced in that they do not address the situation on appeal. We are not faced with a discussion prior to a determination of any status as an employee. Neither is this a situation of job performance of an individual employee as used in the context of the statute.

While taking note of the policy arguments in favor of reversing the trial court, we observe that the legislature failed to respond to changes in the law which sought to exclude the deliberative process from public view. (*Peoples Broadcasting et al.,* brief, pp. A–13 *et seq.*). Neither are we persuaded by the argument which compares the sheriff's merit board with that of a jury. The comparison is not pertinent to the issue.

    JUDGMENT AFFIRMED.

    NEAL, J., concurs.

    CONOVER, P.J., dissents with separate opinion.

    CONOVER, Presiding Judge, dissenting.

I respectfully dissent.

My concurrence in *Berry v. Peoples Broadcasting Corp.* (1988), Ind.App., 514 N.E.2d 1283, was founded upon the belief the evidentiary portion of a disciplinary hearing by the Sheriff's Merit Board must be conducted openly and reporters permitted, subject to reasonable restriction, to use television cameras and tape recorders while the Board takes evidence in the case pending before it because the Indiana Open Door Law applies to that part of those proceedings. However, I here dissent because the majority's opinion goes beyond the holding in *Berry.*

When considering cases of this nature, the Board performs a quasi-judicial function. At the conclusion of the evidence, the Board while deliberating prior to rendering a decision, in essence, functions as a jury. The legislature simply did not intend to grant the print, audio and picture media the authority to intrude upon the Board's deliberations, given such intrusion's potential for disruption of the deliberative process.

Clearly, in a criminal case, due process requires the accused "receive a trial by an impartial jury *free from outside influences.*" (Emphasis supplied). *Sheppard v. Maxwell,* (1966) 384 U.S. 333, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600. I believe the officers whose cases are being considered by the Board here have a similar right to due process in this proceeding, just as do defendants in criminal cases. Further, it is in the public interest to require the orderly and dispassionate processing of cases pending before its boards and agencies free of disruptive outside influences during their deliberations, prior to the rendering of decisions, as a matter of justice and fundamental fairness.

While First Amendment freedom of the press should be given

    ... the widest range compatible with the essential requirement of the fair and orderly administration of justice, ...

*Pennekamp v. State of Florida* (1946), 328 U.S. 331, 66 S.Ct. 1029, 1037, 90 L.Ed.1295 freedom of the press must not be allowed to divert a trial from the "very purpose of a court system ... to adjudicate controversies, both criminal and civil, in the calmness and solemnity of the courtroom according to legal procedures." *Sheppard, supra,* 86 S.Ct. at 1516; *Cox v. Louisiana* (1965), 379 U.S. 536, 85 S.Ct. 466, 13 L.Ed.2d 487.

It is a touchstone of the judicial system a jury's right to deliberate in private is sacrosanct. While deliberating, a jury must con-

sider all the evidence before it, discuss that evidence, resolve conflicts therein, and listen to and consider the opinions of its individual members as it deliberates prior to rendering a verdict. I completely agree with the following statement:

A jury which has retired to consider its verdict, ... should not be disturbed or recalled, except for impelling reasons to prevent a miscarriage of justice,....

75 Am.Jur., Trial, § 1011. Correspondingly, governmental boards and agencies when acting as quasi-judicial bodies should have the deliberative privacy afforded juries in the judicial system to prevent disruption of that process. To argue the presence of television cameras, tape recorders, and print reporters during such deliberations is not a disrupting influence upon the legitimate participants is to deny reality.

Were this court to declare a constitutional right in the Board and the defendants before it to be present and functioning in the editing rooms and broadcasting studios of the print, audio and television media as they prepare their material for dissemination to assure accurate reporting, such right would present a potential for disruption of that process equal to the potential for disruption arising in this case. Because both situations are almost unthinkable under our form of government, I submit the legislature's intent is clear in this regard, albeit the Act's language on the subject is unduly muddled.

Our legislature did not intend the Open Door Act's anti-secrecy provisions were to apply to governmental bodies performing quasi-judicial functions when they deliberate after taking evidence prior to rendering a decision in cases pending before them.

For those reasons, I respectfully dissent and would vote to reverse the judgment.