**Randy T. WELCH, and Teresa and Steve Griffith, Appellants–Plaintiffs,**

v.

**SCRIPTO–TOKAI CORPORATION and Clark Oil and Refining Corporation, Appellees–Defendants.**

**No. 29A02–9409–CV–552.**

Court of Appeals of Indiana.

June 27, 1995.

Rehearing Denied Aug. 22, 1995.

---

**812**

Mark C. Ladendorf, Yosha, Ladendorf & Todd, Indianapolis, for appellants.

John B. Drummy, Briane M. House, Kightlinger & Gray, Indianapolis, for appellees.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Randy Welch, Teresa Griffith, and Steve Griffith (collectively Welch) contend that the trial court erred in granting summary judgment in favor of appellees-defendants Scripto–Tokai Corporation and Clark Oil and Refining Corporation on their complaint for damages based on strict liability and negligence.

### FACTS

On May 18, 1988, three-year-old Randy, the son of Steve and Teresa Griffith, climbed up to a shelf, which neither Teresa nor Steve could reach without a foot stool, and obtained a disposable butane cigarette lighter. After obtaining the lighter, Randy used it to ignite a flame which then caught his pajama top on fire.

The lighter in question was designed and manufactured by Scripto–Tokai Corporation (Scripto). Scripto provided the following warning on the package in which the lighter was sold:

IMPORTANT: READ CAREFULLY! Failure to follow instructions may result in burn injury. Danger-lighter contains butane gas under pressure. Extremely flammable. Do not use near fire or flame. Do not puncture, incinerate or expose to temperature from sun or otherwise above 120 [degrees] Fahrenheit. Do not attempt to refill. Keep out of reach of children. As with all lighters, hold away from face while lighting. CAUTION: Be sure flame is extinguished after use.

\* \* \* \* \* \*

**KEEP AWAY FROM CHILDREN**

Scripto then sold the packaged lighter to Phillip Morris, Inc. In May 1988, Teresa purchased two packages of Marlboro cigarettes from a gas station owned by Clark. The lighter, as packaged by Scripto, was provided with the cigarettes at no additional charge as part of a Marlboro promotion.

On May 16, 1989, Welch filed a complaint against Scripto and Clark seeking damages for Randy's injuries. His complaint was based on theories of strict product liability and negligence. Regarding the strict liability theory, Welch alleged that the lighter was in a defective and unreasonably dangerous condition. As to the negligence theory, Welch alleged that Scripto negligently designed the lighter and failed to warn him of

the dangers inherent in the product. Welch asserted that Clark was negligent in selling the lighter, which it either knew or should have known was unsafe for consumer use, and failed to warn Welch of its dangers.

On April 2, 1993, Scripto and Clark filed a joint motion for summary judgment alleging that the undisputed facts show that the lighter was not in a defective and unreasonably dangerous condition and that they did not breach any duty owed to Welch. After a hearing on November 24, 1993, the trial court granted their motion for summary judgment on both the strict liability and negligence claims on June 1, 1994. The trial court found that there was insufficient evidence that the lighter was in a defective condition which rendered it unreasonably dangerous and that Scripto and Clark did not breach a duty owed to Welch. Specifically, the trial court found that the lighter had no hidden defects and that Scripto and Clark had no duty to warn Welch of the dangers inherent in the product which were open and obvious.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Summary judgment shall be granted by the trial court if the designated evidentiary matter shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal from a trial court's grant of summary judgment, the appellant has the burden of proving that the trial court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434.

■ Summary judgment shall not be reversed on the ground that there is a genuine issue of material fact unless the material fact and the relevant evidence had been specifically designated to the trial court. T.R. 56(H). However, the rule does not require that the evidentiary materials be designated in any particular manner. *Nat. Bd. of Exam. v. Am. Osteopathic Ass'n* (1994), Ind.

App., 645 N.E.2d 608, 615. Rather, the rule requires that the trial court be "apprised of the *specific material* upon which the parties rely in support of or in opposition to a motion for summary judgment. . . ." (emphasis in original). *Id.* Further, the designation of evidentiary materials shall occur at the time of the filing of the motion or the response. T.R. 56(C).

■ Initially, Welch contends that the trial court erred in entering summary judgment on the strict liability claim because a genuine issue of material fact exists as to whether the lighter was in a defective and unreasonably dangerous condition. In addition, Welch contends that summary judgment was inappropriate on the negligence claim because a genuine issue of material fact exists as to whether the lighter had any hidden defects. Specifically, Welch relies on the Consumer Product Safety Commission's (CPSC) report regarding child-play lighter fires to establish that material issues of fact exist. However, at oral argument,[1] Welch conceded that he did not specifically and timely designate the CPSC report to the trial court as required by T.R. 56(C). Welch filed his response to the defendant's motion for summary judgment on May 4, 1993. The hearing on the motion was held on November 24, 1993. However, Welch did not provide the trial court with a copy of the CPSC report until December 9, 1993. Further, Welch merely provided the court with a copy of the report. The report was never filed with the trial court, nor was it served on opposing counsel as required by T.R. 56(C). Thus, in reviewing the trial court's grant of summary judgment on the strict liability and negligence claims, we will not consider the CPSC report which is contained in the record but was not specifically designated to the trial court. *See Rosi*, at 615 N.E.2d at 434.

### II. Products Liability

Welch contends that the trial court erred in granting summary judgment on the products liability claim, alleging that there was a genuine issue of material fact as to whether the lighter was in a defective condition which

1. Oral argument was heard in Indianapolis on May 31, 1995.

rendered it unreasonably dangerous. Specifically, Welch maintains that a cigarette lighter, which ignites with minimal pressure, is by definition unreasonably dangerous because it is not child-resistant.

An action for strict liability in tort against sellers and manufacturers of defective products is governed by Indiana's Product Liability Act, IND.CODE §§ 33–1–1.5–1 through 33–1–1.5–5. I.C. § 33–1–1.5–3 provides in part:

One who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to his property is subject to liability for physical harm caused by that product to the consumer or to his property if that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition....

Thus, in a product liability action the plaintiff must prove that the product is in a defective condition which renders it unreasonably dangerous. *Hamilton v. Roger Sherman Architects* (1991), Ind.App., 565 N.E.2d 1136, 1137. The requirement that the product be in a defective condition focuses on the product itself while the requirement that the product be unreasonably dangerous focuses on the reasonable expectations of the consumer. *Cox v. American Aggregates Corp.* (1991), Ind.App., 580 N.E.2d 679, 685.

A product is "defective" if it is in a condition:

(1) not contemplated by reasonable persons among those considered expected users or consumers of the product; and

(2) that will be unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption.

I.C. § 33–1–1.5–2.5. A product is also defective if the seller fails to give reasonable warnings or instructions to the consumer. I.C. § 33–1–1.5–2.5.

A product is "unreasonably dangerous" if it:

exposes the user or consumer to a risk of physical harm to an extent beyond that contemplated by the ordinary consumer who purchases it with the ordinary knowledge about the product's characteristics common to the community of consumers.

I.C. § 33–1–1.5–2. In the present case, the parties dispute whether a genuine issue of material fact exists regarding whether the risks imposed by a lighter which is not child-resistant are beyond the risks contemplated by the "ordinary consumer."[2]

Initially, we note that a product may be "dangerous" in the colloquial sense but not "unreasonably dangerous" for strict liability purposes under the Act. *See Smith v. AMLI Realty Co.* (1993), Ind.App., 614 N.E.2d 618, 622. In *Smith,* we observed that a weight machine, although potentially dangerous when used by children, was not "unreasonably dangerous" under the Act because it functioned properly as exercise equipment. *Id.* at 623. As we further noted in *Smith,* although a loaded gun is certainly dangerous in the literal sense when it is in the hands of children "who cannot comprehend the full magnitude of its destructive capabilities," it may not be "unreasonably dangerous" for product liability purposes as long as it functions properly. *Id.* at 622.

Here, there is no dispute that a lighter may be dangerous in the hands of a child. However, this does not necessarily render a lighter unreasonably dangerous as defined under the Act. The ordinary consumer of a lighter is an adult and the ordinary adult consumer contemplates the risks posed by a lighter, including the dangers associated with children who play with lighters.[3] Specifical-

2. At oral argument, counsel for Welch argued that the determination of what risks an ordinary consumer expects regarding a product is always a question of fact for the jury. We disagree. *See Hamilton,* 565 N.E.2d at 1138 (grant of summary judgment affirmed in products liability action because the risk of bumping one's head on a low

countertop was contemplated by the ordinary consumer as a matter of law).

3. We note that both Steve and Teresa indicated in their depositions that they were aware that lighters are dangerous to children. Their awareness of the danger is evidenced by the fact that Teresa kept her lighter on a shelf that even she

ly, the ordinary consumer expects a lighter to ignite a flame when operated. Here, the designated evidentiary matter does not reveal that the lighter functioned in a manner not expected by the ordinary consumer. Accordingly, we find that the lighter was not unreasonably dangerous and thus, the trial court properly granted summary judgment on the strict liability claim.[4]

 Welch further contends that even if there is no genuine issue of material fact regarding an ordinary consumer's expectations concerning the use of a disposable butane lighter, summary judgment should nevertheless have been denied because the trial court misapplied the law. Welch asserts that in applying the consumer expectation test, the trial court erroneously applied the open and obvious danger rule. Under the open and obvious danger rule, a manufacturer of a product is liable only for defects which are hidden and not normally observable. *Koske v. Townsend Engineering Co.* (1990), Ind., 551 N.E.2d 437, 442. As Welch correctly contends, the open and obvious danger rule does not apply to strict liability claims under the Act. *Id.* However, the relative obviousness of a defect is nevertheless relevant in determining whether or not a product is defective and unreasonably dangerous. *Miller v. Todd* (1990), Ind., 551 N.E.2d 1139, 1143. Thus, although the rule itself is inapplicable, the trial court properly considered the openness and obviousness of the dangers inherent

in a cigarette lighter as factors in determining the risks contemplated by the ordinary consumer.[5]

Next, Welch contends that the trial court erred in applying the law in that it failed to recognize the issue of foreseeability in determining liability under the product liability statute. However, Welch fails to recognize that, regardless of foreseeability, liability does not attach under the statute unless the product in question is in a defective and unreasonably dangerous condition. I.C. § 33–1–1.5–3.

## III. Negligence

Next, Welch contends that the trial court erred in granting summary judgment on the negligence claim because there was a genuine issue of material fact as to whether the lighter had a hidden defect. Specifically, he asserts that the ease of ignition of the lighter constituted a hidden defect.

 In a products liability claim based on common law negligence, the open and obvious danger rule applies. *Miller*, 551 N.E.2d at 1143. The open and obvious danger rule provides that a manufacturer of a product is liable only for defects which are hidden and not normally observable. *Koske*, 551 N.E.2d at 440. Further, the manufacturer has no duty to warn if the danger is open and obvious. *Id.*

---

could not reach without the help of a foot stool. Moreover, we note that even if we were to consider the CPSC study which was not properly designated, it reports that 73% of parents who responded to the study believe that a child is capable of igniting a lighter. Thus, this evidence supports the proposition that the ordinary consumer of a lighter is aware of the dangers of children playing with lighters.

4. We note that other states that employ the "consumer expectation" test in product liability cases have upheld summary judgment in favor of manufacturers of lighters where a child was injured on the grounds that the lighter was not dangerous to an extent beyond that contemplated by the ordinary adult consumer. *See, Todd v. Societe Bic,* 21 F.3d 1402, 1406–07 (7th Cir.Ill.1994) and *Curtis v. Universal Match Corp.,* 778 F.Supp. 1421, 1429–30 (E.D.Tenn.1991), affirmed 966 F.2d 1451.

5. Welch also argues that the consumer expectation test is too low of a standard for determining whether a product is unreasonably dangerous where a product has open and obvious dangers because those dangers are necessarily contemplated by the ordinary consumer. Thus, Welch posits that "if the 'consumer expectation' test is literally applied to a patently dangerous product, liability will be denied without regard to whether the seller could easily supply a less dangerous product at a reasonable cost." Appellant's Brief at 13. Although the feasibility of a safer design of a product may be relevant to the ordinary consumer's expectations about that product, such feasibility is not controlling. Rather, our legislature has mandated that the relevant inquiry under the Act is what risks associated with the product are contemplated by the ordinary consumer. I.C. §§ 33–1–1.5–2 & 3. Thus, if a product is not dangerous to an extent beyond that contemplated by the ordinary consumer, the fact that the product could have been made safer does not establish liability.

■ In this case, the risks posed by a disposable butane lighter are open and obvious to an ordinary user of the lighter. *See Ragsdale v. K–Mart Corp.* (1984), Ind.App., 468 N.E.2d 524, 527 (ordinary user of a lawn mower is aware of its dangers and the danger posed by moving lawn mower blade is open and obvious as a matter of law). The physical characteristics of the lighter, including the fact that it would ignite when one pushed down on the thumb lever and that it could be operated by a small child, could be directly observed. Accordingly, the danger of allowing a lighter to fall into the hands of a small child is open and obvious. Thus, Scripto was not negligent in failing to design the lighter with child-resistant features and Scripto had no duty to warn Welch of the lighter's inherent dangers. Thus, the trial court properly granted Scripto and Clark's motion for summary judgment on the negligence claim.[6]

Judgment affirmed.

STATON and RUCKER, JJ., concur.

---

**6.** We note that although the manufacturer of a lighter does not have a duty to provide a warning to keep the lighter away from children, in this case, Scripto provided such a warning on the package in which the lighter was sold.