107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Benjamin SMITH, Plaintiff-Appellant,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, R.J. Reynolds
Tobacco Company, and Phillip Morris Incorporated,
Defendants-Appellees.
 No. 96-2026.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff, Benjamin Smith, was incarcerated in the United States Penitentiary in Terre Haute, Indiana, ("USPTH") from August 1992 through June 1994 and transferred to the USP in Florence, Colorado, shortly thereafter. In August 1994, Smith brought this diversity action based on Indiana product liability law in the United States District Court for the Southern District of Indiana against manufacturers of cigarettes that were sold in the USPTH commissary. The defendants moved to dismiss Smith's complaint pursuant to Fed.R.Civ.P. 12(b)(6), which the district court granted. However, the district court allowed Smith 30 days to amend his complaint. After the amended complaint was filed, defendants again moved for dismissal, which the district court granted.[1] Smith appeals.
 
 
 2
 Smith alleges that while incarcerated at USPTH he was exposed to environmental tobacco smoke (ETS) as a result of the other inmates' "normal consumer use" of tobacco products. Smith claims such use was "unavoidably unsafe." Smith also alleges that ETS places toxic carcinogens in the air and unwilling persons, especially confined persons such as inmates, become involuntary users of tobacco products. He claims that the tobacco products made by the defendants are inherently and unreasonably dangerous and, therefore, defective under Indiana product liability law. Smith does not argue that the defendants selected the USPTH commissary for the placement of the tobacco products, but asserts that the defendants were responsible through the manufacture, distribution, and placement of the tobacco products into the mainstream of interstate commerce for profit. Smith seeks $27,000,000 in damages.
 
 
 3
 Smith frames his arguments on appeal under the misconception that the district court entered summary judgment against him. In doing so, Smith maintains that the district court made credibility determinations and drew inferences in favor of the defendants, which he contends ultimately deprived him of his right to a jury trial. However, the district court did not make factual findings or determinations, but concluded, considering all of the allegations in Smith's amended complaint as true, that Smith had failed to allege an actionable claim. The district court specifically noted that even though Smith had attached certain materials outside of the pleadings in his opposition to the defendants' motion to dismiss, the court did not rely on these extrinsic materials; thus, there was no "conversion" to a motion for summary judgment. See, e.g., Edward Gray Corp. v. National Union Fire Ins. Co. of Pittsburgh, 94 F.3d 363, 366 (7th Cir.1996).
 
 
 4
 In dismissing Smith's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6), the district court concluded that Smith failed to plead facts that would demonstrate he had a claim under the Indiana Strict Product Liability Act, Ind.Code § 33-1-1.5.3. We review the motion to dismiss de novo, taking well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff. Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir.1996). Because Smith is proceeding pro se, we liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Although a detailed factual pleading is not required, plaintiff's assertions must point the defendant to the factual cause of the alleged injury. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995).
 
 
 5
 Thus, we turn to Indiana law to review whether Smith has an actionable claim under the Indiana Strict Product Liability Act, which governs actions for strict liability in tort against sellers and manufacturers of defective products. In Indiana, the plaintiff must prove that the product is in a defective condition, rendering it unreasonably dangerous. Welch v. Scripto-Tokai Corp., 651 N.E.2d 810, 814 (Ind.Ct.App.1995). The condition that the product is defective focuses on the product itself, while the requirement that the product is unreasonably dangerous centers on the reasonable expectations of the consumer. Id. Both elements must exist for liability to attach. Cox v. American Aggregates Corp., 580 N.E.2d 679, 685 (Ind.App.Ct.1991). The term "unreasonably dangerous" is defined as "any situation in which the use of a product exposes the user or consumer to a risk of physical harm to an extent beyond that contemplated by the ordinary consumer who purchases it with the ordinary knowledge about the product's characteristics common to the community of consumers." Ind.Code § 33-1-1.5.2(7); Scripto-Tokai, 651 N.E.2d at 814.
 
 
 6
 Therefore, in order to properly plead that the tobacco products were defective, Smith must ultimately show that the products were unreasonably dangerous, i.e., the products were in a condition not reasonably contemplated by the users of the product. Anderson v. Radocy & Sons, Inc., 67 F.3d 619, 625 (7th Cir.1995). He failed to do this. Construing his amended complaint liberally, we do not recognize any factual assertions that the tobacco products were in a condition not reasonably contemplated by the consumers, his fellow inmates. Actually, Smith admits that the tobacco products were unreasonably dangerous through "normal consumer use" and, thus fails to properly allege that the products were unreasonably dangerous. "[A] product may be 'dangerous' in a colloquial sense but not 'unreasonably dangerous' for strict liability purposes under the Act." Scripto-Tokai, 651 N.E.2d at 814.[2] Because Smith failed to properly plead that the products were unreasonably dangerous, we need not address whether the product was defective in the first instance.
 
 
 7
 Smith has failed to state a claim upon which relief can be granted. Therefore, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Smith had originally brought claims against the defendants under the Eighth Amendment and 42 U.S.C. § 1983 citing Helling v. McKinney, 509 U.S. 25 (1993) in support of the proposition that environmental tobacco smoke (ETS) cases are actionable in federal court. Smith abandoned these claims in his opposition to the defendants' motion to dismiss. See Appellate Record # 34, Plaintiff's Opposition to Motion to Dismiss
 
 
 [2]
 The defendants also argue that an essential element in a design defect claim is alleging a safer, alternative design. We do not address this issue, as this requirement applies to enhanced injury cases only, which this case is not. See Anderson v. Radocy & Sons, Inc., 67 F.3d 619, 625 n. 5 (7th Cir.1995). Enhanced injury or "crashworthiness" claims pertain to "a cause of action that seeks damages for injuries that are sustained in a collision due to a product defect which itself was not attributable to the initial accident." Jackson v. Warrum, 535 N.E.2d 1207, 1212 (Ind.Ct.App.1989). See also Miller v. Todd, 551 N.E.2d 1139, 1141 n. 1 (Ind.1990) (enhanced injury doctrine has been applied to accidents involving automobiles, motorcycles, airplanes, snowmobiles, pleasure boats, and tractors)