**Jeffrey THOMAS and Judith Thomas,**
**Appellants–Defendants,**

v.

**NORTH CENTRAL ROOFING and**
**Tom Parkinson, Appellees–**
**Plaintiffs.**

No. 20A03–0301–CV–8.

Court of Appeals of Indiana.

Sept. 17, 2003.

Robert T. Sanders, III, Sanders & Pianowski, Elkhart, IN, Attorney for Appellants.

Jonathan W. Slagh, Martin J. Gardner, Huelat & Gardner, South Bend, IN, Attorneys for Appellees.

## OPINION

SHARPNACK, Judge.

Jeffrey and Judith Thomas (collectively "the Thomases") appeal the trial court's grant of motion for partial summary judgment filed by North Central Roofing, Inc. and Tom Parkinson (collectively "North Central"). During the course of this appeal, North Central filed a motion to supplement the record. The Thomases object to North Central's motion and raise two issues, which we restate as:

I. Whether a party can supplement the record on appeal with evidence not provided to the trial court; and

II. Whether the trial court improperly granted North Central's motion for partial summary judgment where North Central failed to file with the trial court the evidence that it had designated in support of its motion for partial summary judgment.

We reverse.

The relevant facts follow. North Central and the Thomases entered into a contract whereby North Central agreed to install a ceramic tile roof on the Thomases' house. Problems soon followed, and on March 29, 2000, North Central filed a complaint alleging, in part, breach of contract. The Thomases counterclaimed, alleging, in part, defamation. On August 22, 2002, North Central filed a motion for partial summary judgment on the issue of defamation. That same day, North Central filed its Ind. Trial Rule 56(C) designation of evidence in support of its motion for partial summary judgment. However, North Central did not file with the trial court the evidence that it identified in its designation. On October 18, 2002, the Thomases filed their reply to North Central's motion for partial summary judgment as well as their Ind. Trial Rule 56(C) designation of evidence in opposition to

North Central's motion for partial summary judgment. The Thomases attached to their designation copies of the evidence upon which they relied. The trial court granted North Central's motion for partial summary judgment. This appeal is from the trial court's grant of North Central's motion for partial summary judgment. During the course of this appeal, North Central filed a motion to supplement the record. The Thomases objected to North Central's motion.

## I.

 The first issue is whether a party can supplement the record on appeal with evidence not provided to the trial court. On February 21, 2003, the Thomases filed their Appellant's Brief along with an Appellant's Appendix.[1] On April 24, 2003, North Central filed its Appellee's Brief and did not file an Appellee's Appendix. On May 12, 2003, the Thomases filed a reply brief, wherein they pointed out that:

> [North Central] ... [has] not submitted an Appellee's Appendix, as permitted by Ind. Appellate Rule 50(A)(3). More importantly, they have failed to comply with App. R. 22(C) and 46(A)(6)(a) by supporting their factual assertions with citations to an Appendix.... The reason that [North Central] did not attempt to

support their factual statements with citations to the record is that they did not file any designated materials with the trial court, and the documents upon which they purportedly rely in the summary judgment procedure are not in the record. Accordingly, the only designated documents and materials in the Record on Appeal are those designated by the Thomases.

Appellant's Reply Brief at 1–2. Moreover, the Thomases also argued that:

> [This] fact was not discovered until the Appellee's Brief was received by the Thomases' counsel and it was recognized that there were not supporting citations to an Appendix or the Record on Appeal. Even though the copy of [North Central's] and Parkinson's Trial Rule 56(C) Designation served upon the Thomases did not include copies of the documents and materials designated, it was considered that the failure to serve copies of the documents was mere inadvertence. An examination of the trial court's file, however, revealed that the documents and materials designated by [North Central] and Parkinson were never filed with the trial court, and could not have been considered by it in the summary judgment procedure.

---

1. We direct the Thomases' attention to Appellate Rule 50(A)(2), which discusses the contents of the appellant's appendix and provides, in relevant part, that:

 > The appellant's Appendix shall contain a table of contents and copies of the following documents if they exist:
 >
 > \* \* \* \* \*
 >
 > (f) pleadings and other documents from the Clerks Record in chronological order that are necessary for the resolution of the issues raised on appeal.

 Appellate Rule 50(2)(f) required that the Thomases include within their appendix all documents necessary for the resolution of the issues raised on appeal. Thus, when appealing the grant or denial of a motion for sum-

mary judgment, it is not sufficient for the appellant to include in the appendix only those documents designated by it to the trial court. Rather, the Thomases should have included within their appellant's appendix all documents relating to the disposition of the motion for summary judgment, including any documents that North Central designated and filed with the trial court in support of its motion for partial summary judgment. As we realize, North Central did not file in the trial court the matters designated by it in support of its motion for summary judgment. However, had the Thomases tried to comply, the omissions of North Central, at least, would have been detected earlier in the appellate process.

*Id.* at 1, n. 1. On June 4, 2003, North Central filed a Motion to Supplement the Record, wherein it argued that:

> In the interest of justice and fundamental fairness, the Appellees should be allowed to supplement the record in this case so that the Court may rule on this appeal based upon all of the facts of this case. The error that may have occurred in the trial court could have easily been corrected by the appellees had the issue been raised there. The trial court's docket entry indicates that the Designation was filed, and the appellees had no reason to believe the documents were not included in the report.

Appellee's Motion to Supplement the Record at 2. On June 6, 2003, the Thomases filed their response to North Central's motion to supplement the record, which provided, in part, that:

> Although [North Central's] motion is denominated as a "Motion to Supplement the Record," it is important to realize that [North Central] is asking this Court to receive into evidence and consider documents which were not filed with the trial court and were not available for consideration by that court in the summary judgment procedure which became the subject of this appeal.

Appellant's Response to Motion to Supplement the Record at 1.

In summary, although North Central filed a designation of evidence, it never actually filed the designated evidence with the trial court and, therefore, the evidence never became a part of the trial court's record. Thus, now that North Central seeks to supplement the record with the evidence it failed to file with the trial court, we must consider whether a party may supplement the record on appeal with matters not filed with the trial court.

**[4]** When reviewing the grant or denial of a motion for summary judgment, we may consider only those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment. *SLR Plumbing & Sewer, Inc. v. Turk,* 757 N.E.2d 193, 198 (Ind.Ct.App. 2001). We cannot allow North Central to file with us what it apparently failed to file with the trial court. Thus, we deny North Central's motion to supplement the record. *See, e.g., Welch v. Scripto–Tokai Corp.,* 651 N.E.2d 810, 813 (Ind.Ct.App.1995) (holding that only evidence that was specifically designated to the trial court was appropriate for consideration when reviewing the trial court's grant of summary judgment).

## II.

██ Next, we consider whether the trial court improperly granted North Central's motion for partial summary judgment where North Central failed to file with the trial court the evidence that it had designated in support of its motion for partial summary judgment. Indiana Trial Rule 56(C) provides, in relevant part, that "[a]t the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." Thus, when a party files a motion for summary judgment, it must designate and file with the trial court the evidence designated in support of its motion for summary judgment.

Here, North Central filed its Ind. trial Rule 56(C) designation of evidence.[2] How-

---

**2.** We note that North Central does not concede that it failed to file with the trial court

the designated materials it relied upon in support of its motion for partial summary judg-

ever, there is nothing in the CCS to indicate that the designated materials were actually filed. The CCS entry reads "Plaintiff and counter defendant Parkinson file Motion for Partial Summary Judgment with Memorandum of law and Designation of Evidence." Appellant's Appendix at 5. Moreover, North Central's Ind. Trial Rule 56(C) designation does not indicate that any of the designated material was attached or otherwise filed with the trial court. On the other hand, the Thomases' Ind. Trial Rule 56(C) designation stated that "[c]opies of the designated documents or excerpts from the designated discovery materials are attached hereto." *Id.* at 87.

The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. *Sharp v. Town of Highland,* 665 N.E.2d 610, 613 (Ind.Ct.App.1996). North Central failed to satisfy this burden because it failed to file with the trial court any evidence in support of its motion for partial summary judgment. Because North Central failed to comply with the requirements of Ind. Trial Rule 56(C), the trial court did not have all of the designated evidence before it when it granted North Central's motion for partial summary judgment. The trial court could not have ruled on North Central's motion for partial summary judgment when North Central failed to file with the trial court any evidence in support of its motion. Accordingly, we reverse the trial court's grant of North Central's motion for partial summary judgment.

For the foregoing reasons, we deny North Central's motion to supplement the record and reverse the trial court's grant of North Central's motion for partial summary judgment.

Reversed.

BARNES and RILEY, JJ. concur.

---

ment. It also does not deny that it failed to do so. We can only go by the record, and the record fails to indicate that the materials designated by North Central were ever filed with the trial court. We also note that the appellee did not file in this court an appellee's appendix. Under Appellate Rule 50(A)(3) an appellee's appendix, if required, shall contain all the materials required in an appellant's appendix except those materials already contained in the appellant's appendix. The appellant's here, as previously noted, did not include in their appendix any materials other than the ones they designated to the trial court.