**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVINA L. CURRY**
The Curry Law Firm, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**RICHARD A. MANN**
**TODD D. SMALL**
Richard A. Mann, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID BROWN d/b/a DB EXPRESS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1202-PL-61 |
| | ) | |
| UTILITY PETERBILT OF INDIANAPOLIS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
The Honorable Burnett Caudill, Magistrate
Cause No.  49D04-0902-PL-8979

**September 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

David Brown d/b/a DB Express ("Brown") appeals the trial court's denial of his motion to correct error, which challenged a grant of summary judgment in favor of Utility Peterbilt of Indianapolis ("Peterbilt") on Brown's breach of contract claim.[1] Brown presents one issue for our review which we revise and restate as: whether the trial court erred in denying his motion to correct error following its grant of summary judgment in favor of Peterbilt. We affirm.

## Facts and Procedural History

On July 21, 2006, Peterbilt provided Brown with a repair estimate for body work to be performed on Brown's truck ("2006 repair estimate"). In January 2007, Brown requested that Peterbilt perform the work specified on the 2006 repair estimate, which Peterbilt completed on January 25, 2007 ("January 2007 work"). Brown retrieved his truck after tendering a check for $10,425. On January 28, 2007, after driving his truck back to Ohio, Brown notified Peterbilt that he was dissatisfied with the January 2007 work, he stopped payment on the $10,425 check, and he issued a $6,425 check to Peterbilt in partial payment for the January 2007 work.

On April 7, 2007, Brown sent Peterbilt a certified letter complaining about a substandard level of workmanship, and a lack of communication in resolving his complaints.

---

[1] We note that in his brief, Brown addresses only the issue of whether the trial court erred in granting summary judgment in favor of Peterbilt, and fails to address the issue of whether the trial court erred in denying his motion to correct error, in contravention of Ind. Appellate Rule 46(A)(4), (7), and (8). However, Brown includes with his brief the trial court's order denying his motion to correct error, and he refers to it in his statement of procedural history. Furthermore, we prefer to decide cases on their merits, and we do so here. See Ziese & Sons Excavating, Inc. v. Boyer Constr. Corp., 965 N.E.2d 713, 722 (Ind. Ct. App. 2012).

Around May 4, 2007, Peterbilt indicated to Brown that they were attempting to work out the details of repairing his truck.

In September 2007, Brown returned to Peterbilt so they could redo the January 2007 work with which he was dissatisfied ("September 2007 work"). In contemplation of the September 2007 work, Brown and Peterbilt executed three documents: a new repair estimate ("September 2007 repair estimate"), a letter from Brown requesting that certain provisions be included in the repair agreement ("Brown's terms"), and a document Brown executed before Peterbilt performed the September 2007 work ("September 28, 2007 agreement"). The September 28, 2007 agreement has two sides (Tr. 175, ¶ 4), one side of which has Brown's signature and the date, the other side of which gives a list of terms that apply to the transaction. (Tr. 120-21.) The terms state, in relevant part:

9.      That this agreement is the entire agreement and that no oral representations have been made and terms not contained herein are not a part of this agreement shall not [sic] be binding or admissible in any court of law. Furthermore, no oral or other representations have been made regarding this agreement. Any modification of this agreement must be in writing and signed by the parties.

. . .

11.      Any warranties, including implied and express warranties and implied warranties of merchantability and fitness for a particular purpose, to the extent allowed by law, are hereby disclaimed by [Peterbilt]. No person is authorized by [Peterbilt] to extend said warranty.

. . .

13.      [Peterbilt] is not responsible to correct defect(s) or replace part(s) unless [Peterbilt] is notified in writing of the specific defect(s) or part(s) needing replaced [sic], due to [Peterbilt's] negligence within thirty (30) days of delivery of said repair or part. Said notice shall be by certified mail, return receipt requested.

(Tr. 121) (emphasis in original). Peterbilt accepted Brown's terms with slight modification, providing that "[p]aint and body work must carry the factory warranty on paint for one year." (Tr. 119.) In October 2007, Peterbilt completed the September 2007 work and Brown retrieved his truck.

In June 2008, Brown notified Peterbilt he was dissatisfied with the September 2007 work. In August 2008, Brown returned to Peterbilt, and Peterbilt informed him that his truck needed additional work, unrelated to either the January 2007 or the September 2007 work performed by Peterbilt.

On February 23, 2009, Brown filed a complaint against Peterbilt in the Marion County Superior Court alleging breach of contract and negligence. Brown then received a repair estimate from Great Lakes Peterbilt, dated April 1, 2009. On July 21, 2011, the trial court entered partial summary judgment for Peterbilt as to Brown's negligence claim. On November 29, 2011, the trial court entered summary judgment for Peterbilt as to Brown's breach of contract claim, because Brown failed to give notice during the thirty-day period prescribed by the contract. Brown filed a motion to correct error on December 29, 2011, which the trial court denied on January 12, 2012. On February 10, 2012, after the trial court denied Brown's subsequent motion to amend his motion to correct error, Brown filed this appeal.

**Discussion and Decision**

We generally review the denial of a motion to correct error for an abuse of discretion. Kornelik v. Mittal Steel USA, 952 N.E.2d 320, 324 (Ind. Ct. App. 2011), trans. denied. An

4

abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. Hawkins v. Cannon, 826 N.E.2d 658, 661 (Ind. Ct. App. 2005), trans. denied.

On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. Wilcox Mfg. Group, Inc. v. Mktg. Servs. of Ind., Inc., 832 N.E.2d 559, 562 (Ind. Ct. App. 2005). We stand in the shoes of the trial court and apply a de novo standard of review. Id. Our review of a summary judgment motion is limited to those materials specifically designated to the trial court. Ind. Trial Rule 56(H); Robson v. Tex. E. Corp., 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), trans. denied. Matters outside the record cannot be considered by the court on appeal. Boczar v. Meridian St. Found., 749 N.E.2d 87, 92 (Ind. Ct. App. 2001). We must decide the case on the record before us and cannot speculate about the actual facts of the case.[2] Id.

Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. T.R. 56(C); Wilcox, 832 N.E.2d at 562. For summary judgment purposes, a fact is material if it bears on the ultimate resolution of relevant issues. Wilcox, 832 N.E.2d at 562. We view the pleadings and designated materials in the light most favorable to the non-movant. Id. All facts and reasonable inferences from those facts are construed in favor of the nonmovant.

---

[2] Peterbilt moves to strike certain documents from Brown's appendix and references thereto because Brown failed to specifically designate them as evidence before the trial court during its consideration of Peterbilt's motion for summary judgment. In a separate order issued contemporaneously with this opinion, we deny Peterbilt's Motion to Strike. However, we remind the parties that we may only consider those portions of the pleadings, depositions, and any other matter specifically designated to the trial court for purposes of the motion for summary judgment. Thomas v. N. Cent. Roofing, 795 N.E.2d 1068, 1071 (Ind. Ct. App. 2003).

Troxel Equip. Co. v. Limberlost Bancshares, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), trans. denied.

When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. Cox v. N. Ind. Pub. Serv. Co., Inc., 848 N.E.2d 690, 695-96 (Ind. Ct. App. 2006). However, a trial court's grant of summary judgment is cloaked with a presumption of validity, and the appellant bears the burden of demonstrating that the grant of summary judgment was erroneous. Id. at 695. Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. Id. We will affirm upon any theory or basis supported by the designated materials. Id.

Here, the crux of Brown's argument is that: (1) he didn't read the September 28, 2007 agreement, (2) the September 28, 2007 agreement resurrected the January 2007 contract, and the (3) January 2007 contract was breached.

Brown argues he neither saw nor read the integration clause, the warranty disclaimer, or the limitation of remedy set forth in the September 28, 2007 agreement. Taking the facts most favorable to the nonmovant, we assume that he did not read these provisions. However, we note that "[u]nder Indiana law, a person is presumed to understand the documents which he signs and cannot be released from the terms of a contract due to his failure to read it." Clanton v. United Skates of Am., 686 N.E.2d 896, 899-900 (Ind. Ct. App. 1997). Therefore, Brown's failure to read the back of the page he signed cannot create a genuine issue of

6

material fact as to whether he knowingly signed the September 28, 2007 agreement and subsequently was bound by its terms.

It is clear that the September 28, 2007 agreement was a contract signed by Brown, and the contract terms, including the thirty-day notice provision, now bind him. To the extent that Brown argues that the September 28, 2007 agreement resurrected the January 2007 contract, the integration clause renders the September 28, 2007 agreement the sole agreement between Brown and Peterbilt. Furthermore, because the purpose of the September 2007 work was, at least in part, to rectify Brown's dissatisfaction with the January 2007 work, it discharged Peterbilt's duties under the January 2007 contract. Finally, the September 28, 2007 agreement disclaims any warranties by Peterbilt, unless the signer notifies Peterbilt by certified mail, return receipt requested, of a specific defect within thirty days of delivery of the repaired vehicle. Following his dissatisfaction with the September 2007 work, Brown failed to notify Peterbilt within the required time limit according to the terms agreed upon. This waived any warranty claim he may have had against Peterbilt. Therefore, there is no genuine issue of material fact as to whether Brown was bound by the terms of the September 28, 2007 agreement, or whether Brown failed to prove that Peterbilt breached the September 28, 2007 agreement.

As to Brown's belated argument that the September 28, 2007 agreement was unconscionable, he failed to raise that argument until his motion to correct error which the trial court denied. A party may not raise an issue on appeal that was not presented to the trial court, even in summary judgment proceedings. Oshinski v. N. Ind. Commuter Transp. Dist.,

843 N.E.2d 536, 539 (Ind. Ct. App. 2006). He therefore waived consideration of that issue when he failed to argue it at the summary judgment phase of the trial court proceedings.

## Conclusion

The trial court correctly granted summary judgment in favor of Peterbilt, and therefore it did not abuse its discretion when it denied Brown's motion to correct error.

Affirmed.

RILEY, J., and CRONE, J., concur.