*478 OPINION
RILEY, Judge.

STATEMENT OF THE CASE

Petitioner-Appellant Kathleen Regester, R.N. (Regester) appeals the trial court’s denial of her petition for judicial review from the Indiana State Board of Nursing’s (Board) suspension of her license.
We reverse.

ISSUES

We review the following dispositive issue: whether the Board had jurisdiction.

FACTS AND PROCEDURAL HISTORY

Regester’s license was suspended by the Board on September 4, 1996. The suspension was the result of a July 18,1996, hearing before the Board. A disciplinary complaint filed by the State on April 29, 1996, prompted the July hearing. The Board found that Regester, an employee of HealthNet, wrote prescriptions for her husband, another family member, and Vicoden for herself. Regester signed various doctors’ names to the prescriptions without their permission. Reges-ter does not have a prescriptive license and these actions were beyond the scope of her training. Regester’s employment with HealthNet was terminated when her actions were brought to her employer’s attention by a co-worker. In October 1995, Regester voluntarily entered treatment for chemical dependence, which she successfully completed.
On October 7, 1996, Regester filed a petition for judicial review with the trial court. The trial court entered an order denying the petition for judicial review on December 31, 1996. However, the trial court’s order states “in the final analysis this Court concludes that the Board had jurisdiction to make its decision, that all procedural requirements were adhered to and that the resulting decision was in all regards legally entered.” (R. 61). Thus, the trial court effectively affirmed the Board’s decision, and we will treat the order as such. Regester now brings this timely appeal. Additional facts are provided as needed.
DISCUSSION AND DECISION Standard of Review
When reviewing an administrative agency action, we stand in the position of the trial court and limit our review to determine whether the agency had jurisdiction over the subject matter of the case, whether the agency’s order was based on proper procedure, whether the order was supported by substantial evidence, whether the decision was arbitrary or capricious, or whether the decision was in violation of any constitutional, statutory, or legal principles. Family and Soc. Serv. Admin. v. Boise, 667 N.E.2d 753, 754 (Ind.Ct.App.1996), trans. denied. Like the trial court, we are prohibited from reweighing evidence or reassessing witness credibility, but must accept the facts as determined by the administrative body. Id. “However, we need not accord the same degree of deference to an agency’s conclusions on a question of law.” Union Tank Car v. Comm’r of Labor, 671 N.E.2d 885, 889 (Ind.Ct.App.1996), trans. denied.
Jurisdiction of the Board
At issue here are the procedures employed in filing the complaint against Regester with the Board. This process is described at Ind. Code 25-1-7-1, et seq. However, there is no case law existing which interprets or discusses this procedure. Because we find that the trial court erred in affirming the Board, we need only address the issue of the Board’s jurisdiction over the matter.
The procedure set forth in Ind.Code 25-1-7-1, et seq., is as follows. First, a written and signed complaint must be filed with the director of the division of consumer protection.[1] This complaint can be filed by any person except for employees of the attorney general’s office acting in their official capacity. Ind.Code 25-1-7-4. Next, the director of the division of consumer protection investigates the complaint. If he or she feels *479 the complaint is merited, they then file a copy of the same complaint with the board having jurisdiction. It is at this point that the board acquires jurisdiction over the matter. Ind.Code 25-1-7-5(1). The complaint will also be filed with the attorney general’s office, who can then prosecute the complaint on behalf of the State of Indiana. Ind.Code 25-1-7-2, 7.
The record of the proceeding in front of the Board contains a complaint filed by the Deputy Attorney General on behalf of the State of Indiana. (R. 68-71). “The office of the attorney general, under the conditions specified in this chapter, may receive, investigate, and prosecute complaints concerning regulated occupations.” Ind.Code 25-1-7-2. What is missing from the record is a signed complaint directed to the director of the division of consumer protection, which is what confers jurisdiction on the board. That complaint is not referenced in the attorney general’s complaint, the findings of fact and order entered by the Board, or anywhere during the hearing. (R. 68-71, 126-130). There is testimony that Regester’s employer was informed of the Yicoden and the prescriptions. (R. 185). However, this complaint to Regester’s employer was not signed, nor was a complaint filed with the director to initiate proceedings before the Board.
The statutes conferring jurisdiction on the Board are very clear.
All complaints must be written and signed by the complainant and initially filed with the director [of the division of consumer protection]. Except for employees of the attorney general’s office acting in then-official capacity, a complaint may be filed by any person, including members of any of the boards listed in section 1 of this chapter.
Ind.Code 25-1-7-4. There is no evidence presented that this initial complaint to the director of consumer protection was filed. The Board’s order cites Ind.Code 25-1-7-1, et seq. to establish jurisdiction with the Board. (R: 126). In its brief, the State relies particularly on Ind.Code 25-1-7-2 and 7 for jurisdiction. Appellant’s Brief at 4-5. Section 2 does bestow the attorney general with the power to prosecute complaints concerning regulated occupations. However, there is a modifying phrase in the statute: “under the conditions specified in this chap-ter_” Ind.Code 25-1-7-2. Those conditions are found in Ind.Code 25-1-7-4 and 7. First, a written and signed complaint must be received by the director of the division of consumer protection. Ind.Code 25-1-7 — 4. Then,
if, after conducting an investigation, the director [of the division of consumer protection] believes that the licensee should be subjected to disciplinary sanctions by the board of his regulated occupation, then he shall so report to the attorney general. Upon receiving the director’s report, the attorney general may prosecute the matter, on behalf of the state of Indiana, before the board.
Ind.Code 25-l-7-7(a). Furthermore, the legislature has specified that jurisdiction is conferred on the board when “a copy of -the complaint having merit” is filed with the appropriate board. Ind.Code 25-1-7-5(1).
There is no evidence that this initial complaint was filed with the division of consumer protection. These preliminary steps were apparently not taken here. Therefore, the Board did not have jurisdiction over this issue. The trial court should not have denied Regester’s petition for judicial review, but reversed the Board’s ruling for lack of jurisdiction.
The Board alleges that Regester “forfeited this issue by failing to use her ability under Indiana Code § 4-21.5-5-12(a)(2) to show evidence that the statutory procedures were not complied with.” Appellee’s Brief at 5. Ind.Code 4-21.5-12(a)(2) allows a petitioner to submit additional evidence on judicial review which pertains to the unlawfulness of the procedure, if that evidence could not have been discovered by due diligence in order to be raised at the administrative proceeding. Ind.Code 4-21.5-12(a)(2). It is true that on judicial review Regester will have the burden of demonstrating the invalidity of the agency’s action. Ind.Code 4-21.5-5-14(a); Indiana Alcoholic Beverage Comm’n v. Edwards, 659 N.E.2d 631, 632 (Ind.Ct.App. *480 1995). However, if the trial court finds that Regester has been prejudiced by an agency action in excess of statutory jurisdiction, it shall remand the case to the agency for further proceedings. Ind.Code 4-21.5-5-14(d)(3), 15(1). It is clear without additional evidence that the complaint required to initiate the proceedings and confer jurisdiction on the board is absent. Jurisdiction is specifically one of the reviewable issues on an appeal of an administrative board’s actions. “It is elementary that the authority of the State to engage in administrative action is limited to that which is granted it by statute.” Charles A. Beard Classroom Teachers Ass’n v. Bd. of School Trustees, 668 N.E.2d 1222, 1224 (Ind.1996) (quoting Indiana Bd. of Pub. Welfare v. Tioga Pines, 622 N.E.2d 935, 939 (Ind.1993), cert. denied); see also Board of Zoning Appeals v. Heyde, 160 Ind.App. 165, 172-73, 310 N.E.2d 908, 913-14, (Ind.Ct.App.1974) (holding board did not have jurisdiction because the statutory procedure was not followed, and therefore, board’s order was void); City of Washington v. Boger, 132 Ind.App. 192, 203, 176 N.E.2d 484, 489 (Ind.Ct.App.1961) (holding charge filed with board is insufficient, and therefore, board’s action was arbitrary, capricious, and illegal). Therefore, the trial court should not have denied judicial review. The Board had no jurisdiction over the matter.

CONCLUSION

The jurisdiction of the Board was not properly established. Therefore, the trial court erred in affirming the Board’s suspension of Regester’s licence, and we reverse.
Reversed.
DARDEN, J., concurs.
CHEZEM, J., dissents with separate opinion.

. "As used in this chapter ‘Director’ refers to the director of the division of consumer protection.” Ind.Code 25-1-7-1.